GRIMES, Chief Judge,
concurring specially.
While I agree with the substantive conclusion that claims in negligence grounded upon allegations of lack of informed consent must first be submitted to medical liability mediation panels, I have some qualms about whether the erroneous order cannot later be adéquately remedied by way of appeal. The petitioner argues that should the respondents obtain a jury verdict, it would be impossible to show whether the verdict was influenced by the improper introduction of evidence on informed consent. Perhaps .this is so, though the judicious use of special verdicts could go a long way toward obviating the problem. However, I am primarily persuaded to concur in the granting of the petition for certiorari in this case because of the further complication which requires the determination of whether the issue of lack of informed consent was submitted to the mediation panel. Unless the trial court considers this matter, there would in all probability be no record *43 on which we could review this issue in an appeal taken at the end of the case. In short, because of our position on the law, justice dictates that this point be determined at this time.